

FILED
APR 0 8 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | | |
|---|---|---|
| Charmane Smith, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-677 (UNA) |
| | ) | |
| Credit One Bank *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted, is frivolous, or seeks monetary relief from an immune defendant).

Plaintiff is a resident of Memphis, Tennessee. She has brought suit against Credit One Bank, as well as certain judicial officers in the United States District Court for the District of Nevada. *See* Compl. at 1. Plaintiff alleges that the defendants "committed Fraud on [the] Court" and engaged in a "Conspiracy to Obstruct Pending Federal Court Proceedings." Compl. at 2. In addition, plaintiff claims that the defendants violated her "Civil and Constitutional rights in furtherance of Obstruction of Justice." *Id.* As for Credit One Bank specifically, plaintiff appears to allege that it has evaded service of process and that the judicial defendants either conspired with Credit One and/or "aid[ed] and abet[ted] its intent to avoid being sued[.]" *Id.* Plaintiff seeks $2.1 million in monetary damages. Compl. at 3.

An "*in forma pauperis* complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted." *Crisafi v. Holland* 655 F.2d 1305, 1308 (D.C. Cir. 1981). Additionally, a complaint that "lacks an arguable basis either in law or in fact" may be dismissed as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Judges enjoy absolute immunity from suits based on acts taken in their judicial capacity, so long as they have jurisdiction over the subject matter. *Moore v. Burger*, 655 F.2d 1265, 1266 (D.C. Cir. 1981) (per curiam) (citing cases). The complaint against the named District Judge and Magistrate Judge presumably stems from their actions during court proceedings and thus is "a meritless action." *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995). Similarly, the named Clerk and Deputy Clerk are being sued apparently for their official acts; therefore, they too enjoy absolute immunity. *See Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam) (holding that "clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process"). Therefore, the complaint against the judicial defendants will be dismissed with prejudice as frivolous.

With respect to Credit One Bank, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff has not "state[d] with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b). Even if plaintiff could prove her allegation that Credit One Bank has evaded service, moreover, this Court cannot exercise jurisdiction over process issued by the District of Nevada or any other

court. *See generally* Fed. R. Civ. P. 4. Consequently, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: April ___, 2019

_____
United States District Judge